David C. Powell (SBN 129781)
Aaron R. Marienthal (SBN 273154)
Email:    amarienthal@reedsmith.com
Nicholas D. Fine (SBN 285017)
Email:    nfine@reedsmith.com
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071
Telephone:    +1 213 457 8058
Facsimile:    +1 213 457 8080

Attorneys for Defendants
Bank of America, N.A. as successor
by merger to BAC Home Loans Servicing, LP fka
Countrywide Home Loans Servicing, LP; Mortgage
Electronic Registration Systems, Inc.; and Federal Home
Loan Mortgage Corporation

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| GEORGE M. KRAMER<br><br>Plaintiff,<br><br>vs.<br><br>THE BANK OF AMERICA, N.A. Successor by Merger to BAC HOME LOANS SERVICING, LP, fka COUNTRYWIDE HOME LOANS SERVICING, LP., QUALITY LOAN SERVICE CORPORATION, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., FEDERAL HOME LOAN MORTGAGE CORPORATION, and DOES 1-10, inclusive<br><br>Defendants. | Case No. 13-CV-01499-AWI-MJS<br><br>**NOTICE OF MOTION AND MOTION OF TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Fed. R. Civ. Proc. 12(b)(6)]<br><br>[Filed concurrently with [Proposed] Order Request for Judicial Notice]<br><br>Date:         January 27, 2014<br>Time:         1:30 p.m.<br>Courtroom:  2<br><br>Complaint Filed: September 16, 2013<br><br><br>Honorable Anthony W. Ishii<br>Honorable Michael J. Seng (Magistrate) |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on January 27, 2014, at 1:30 p.m. in Courtroom 2 on Floor 8 of the above-entitled Court located at Robert E. Coyle Federal Courthouse, 2500 Tulare Street, Room 1501, Fresno, California 93721, Defendants Bank of America, N.A. as successor by merger to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP ("BANA"); Mortgage Electronic Registration Systems, Inc. ("MERS"); and Federal Home Loan Mortgage Corporation ("Freddie Mac") (collectively, "Defendants") will and hereby do move this Court pursuant to **Error! Bookmark not defined.**Federal Rule of Civil Procedure 12(b)(6) for an order dismissing the Complaint of Plaintiff George M. Kramer ("Plaintiff"), and each claim for relief alleged therein against Defendants, on the grounds that the Complaint fails to state any claim upon which relief can be granted.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, Defendants' Request for Judicial Notice and exhibits attached thereto, court records and files, and such other matters that the Court may consider at the hearing on the Motion.

DATED: December 16, 2013

/s/ Nicholas D. Fine
REED SMITH LLP
Nicholas D. Fine (SBN 285017)
*Attorney for Defendants*
Bank of America, N.A. as successor
by merger to BAC Home Loans Servicing, LP and
Countrywide Home Loans Servicing, LP; Mortgage
Electronic Registration Systems, Inc.; and Federal
Home Loan Mortgage Corporation

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ................................................................................................1

II.  FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY.............................2

III. LEGAL STANDARD.........................................................................................3

IV.  LEGAL ARGUMENT........................................................................................3

    A.   Plaintiff's Claim for Declaratory Relief Fails As A Matter of Well-Settled Law Because He Fails To Adequately Allege That Any Of The Recorded Documents Are Invalid ........................................................................3

        1.   Alleged Violations Of The PSA Do Not Give Rise To Any Cause Of Action ................................................................................4

        2.   Plaintiff Lacks Standing To Challenge The MERS Assignment......................4

        3.   Plaintiff's "Robo-Signing" Allegations Are Fatally Underpled ......................5

        4.   Plaintiff's Freddie Mac Claims Contain No Allegations Of Wrongdoing Against Defendants.....................................................6

    B.   Plaintiff's Wrongful Foreclosure Claims Fail As A Matter Of Law Because Plaintiff Fails To Allege Tender And Because The Public Record Contradicts Any Claim That Foreclosure Was Improper................8

        1.   Plaintiff Fails To Allege Tender ................................................8

        2.   The Publicly-Recorded Documents Contradict Any Assertion That Foreclosure Was Improper ................................................9

    C.   Plaintiff Fails To Adequately Allege A Single Element Of A Cancellation Claim.............................................................................10

    D.   Plaintiff's Quiet Title Claim Fails Because He Does Not Allege Tender ..................11

    E.   No Duty Supports Plaintiff's Negligence Claim And He Fails To Allege Breach, Causation, Or Damages .........................................................11

    F.   Plaintiff's FDCPA Claim Fails Because The FDCPA Does Not Apply To Foreclosure Related Activity And Because Defendants Are Not Debt Collectors Under The Statute.................................................13

    G.   Plaintiff's Quasi-Contract Claim Fails Because There Is An Existing Contract.................................................................................14

    H.   Plaintiff's Accounting Claim Must Fail Where He Cannot Allege The Existence Of A Fiduciary Relationship With Defendants Or That Defendants Owe Plaintiff A Debt .......................................................15

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

I.      Plaintiff Lacks Standing To Sue Under The UCL And Fails To Allege
        Any Wrongful Conduct...............................................................................16

V.      CONCLUSION.......................................................................................17

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

# TABLE OF AUTHORITIES

**CASES**

*Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.,*
  988 F.2d 1157 (Fed. Cir. 1993) ........................................................... 3

*Alicea v. GE Money Bank,*
  2009 WL 2136969 (N.D. Cal. 2009) ................................................... 8

*Alvarado v. Aurora Loan Services, LLC,*
  2012 WL 4475330 (C.D. Cal. 2012) ................................................. 12

*Anaya v. Advisors Lending Group,*
  2009 WL 2424037 (E.D. Cal. 2009)................................................... 13

*Ashcroft v. Iqbal,*
  129 S. Ct. 1937 (2009)........................................................................ 3

*Aspiras v. Wells Fargo Bank, N.A.,*
  219 Cal. App. 4th 948 (2013) ........................................................... 12

*Auerbach v. Great W. Bank,*
  74 Cal. App. 4th 1172 (1999) ........................................................... 13

*Batt v. City & Council of San Francisco,*
  155 Cal. App. 4th 65 (2007) ............................................................. 15

*Bell Atlantic Corp. v. Twombly,*
  550 U.S. 544 (2007)............................................................................ 3

*Boeing Co. v. Cascade Corp.,*
  207 F.3d 1177 (9th Cir. 2000) ........................................................... 4

*Caballero v. Ocwen Loan Serv.,*
  2009 WL 1528128 (N.D. Cal. 2009) ................................................. 14

*Cerecedes v. U.S. Bankcorp.,*
  2011 U.S. Dist. Lexis 75559 (C.D. Cal. 2011) ................................... 6

*Cervantes v. Countrywide Home Loans,*
  656 F.3d 1034 (9th Cir. 2011) ........................................................... 5

*Chabner v. United of Omaha Life Ins. Co.,*
  225 F.3d 1042 (9th Cir. 2000) ......................................................... 17

*Clegg v. Cult Awareness Network,*
  18 F.3d 752 (9th Cir. 1994) ............................................................... 3

*Debrunner v. Deutsch Bank Nat'l Trust Co.,*
  204 Cal. App. 4th 433 (2012) ............................................................. 8

*Dumas v. Kipp,*
  90 F.3d 386 (9th Cir. 1996) ............................................................... 3

*Gamboa v. Tr. Corps,*
  2009 WL 656285 (N.D. Cal. 2009) ................................................... 13

*Glaski v. Bank of America, N.A.,*
  218 Cal. App. 4th 1079 (2013) ........................................................... 4

*Glover v. Fremont Inv. & Loan,*
  2009 WL 6114001 (N.D. Cal. 2009) ................................................. 14

*Gomes v. Countrywide Home Loans, Inc.,*

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

192 Cal. App. 4th 1149 (2011) .................................................................. 4

*Goodwin v. Cal. Reconveyance Co.*,
2010 WL 3341831 (E.D. Cal. 2010).......................................................... 13

*Hall v. Time, Inc.*,
158 Cal. App. 4th 847 (2008) .................................................................. 16

*Hironymous v. Hiatt*,
52 Cal. App. 727 (1921) ........................................................................... 10

*Ileto v. Glock Inc.*,
349 F.3d 1191 (9th Cir. 2003) ................................................................... 3

*In re Tobacco II Cases*,
46 Cal. 4th 298 (2009) ........................................................................ 16, 17

*Ines v. Countrywide Home Loans, Inc.*,
2008 WL 4791863 (S.D. Cal. 2008) .......................................................... 14

*Jenkins v. JP Morgan Chase Bank, N.A.*,
216 Cal. App. 4th 497 (2013) .................................................................... 4

*Jolley v. Chase Home Finance, LLC*,
213 Cal. App. 4th 872 (2013) .................................................................. 13

*Kelley v. Mortg. Elec. Registration Sys., Inc.*,
642 F. Supp. 2d 1048 (N.D. Cal. 2009) .................................................... 11

*Khoury v. Maly's of Cal.*,
14 Cal. App. 4th 612 (1993) .................................................................... 17

*Lueras v. BAC Home Loans Servicing, LP, et al.*,
2013 WL 5848859 .................................................................................... 13

*Maryland Cas. Co. v. Pacific Coal and Oil Co.*,
312 U.S. 270, 61 S.Ct. 510 (1941)............................................................. 4

*McGlinchy v. Shell Chem. Co.*,
845 F.2d 802 (9th Cir. 1988) ..................................................................... 3

*Miller v. Provost*,
26 Cal. App. 4th 1703 (1994) .................................................................. 11

*Navarro v. Block*,
250 F. 3d 729 (9th Cir. 2001) .................................................................... 3

*Neitzke v. Williams*,
490 U.S. 319 (1989)................................................................................... 3

*Nymark v. Heart Fed. Sav. & Loan Ass'n*,
231 Cal. App. 3d 1089 (1991) ................................................................. 15

*Onofrio v. Rice*,
55 Cal. App. 4th 413 (1997) ...................................................................... 9

*Premo v. Grigg*,
237 Cal. App. 2d 192 (1965) ................................................................... 12

*Robertson v. Dean Witter Reynolds, Inc.*,
749 F.2d 530 (9th Cir. 1984).................................................................... 3

*Sacchi v. Mortgage Electronic Registration Systems, Inc.*,
2011 WL 2533029 ..................................................................................... 9

*Schulz v. Neovi Data Corp.*,

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

--iv--

152 Cal. App. 4th 86 (2007) ............................................................................ 16, 17

*Schwartz v. KPMG LLP,*
   476 F.3d 756 (9th Cir. 2007) ................................................................................ 3

*Scripps Clinic v. Super. Ct.,,*
   108 Cal. App. 4th 917 (2003) ............................................................................. 17

*Shepherd v. Am. Home Mortg. Servs., Inc.,*
   2009 WL 4505925 (E.D. Cal. 2009) ................................................................... 15

*Teselle v. McLoughlin,*
   173 Cal. App. 4th 156 (2009) ............................................................................. 15

*Toneman v. United States Bank,*
   2013 U.S. Dist. LEXIS 98966 (C.D. Cal. June 13, 2013) ..................................... 4

*U.S. Cold Storage of Cal. v. Great W. Sav. & Loan Ass'n,*
   165 Cal. App. 3d 1214 (1985) .............................................................................. 8

*Wagner v. Benson,*
   101 Cal. App. 3d 27 (1980) ................................................................................ 12

*Wallace v. Mortgage Electronic Registration Systems, Inc.,*
   2012 WL 94485 (C.D. Cal. January 11, 2012) ................................................... 17

*Willman v. Gustafson,*
   63 Cal. App. 2d 830 (1944) ................................................................................ 14

**STATUTES**

15 U.S.C. § 1962a(6) ............................................................................................. 14

15 U.S.C. §1962a(6)(F) .......................................................................................... 14

28 U.S.C. § 2201(a) ................................................................................................. 4

Bus. & Prof. Code § 17204 ................................................................................... 16

Civ. Code § 1190 ..................................................................................................... 5

Civ. Code § 2924(a)(1) .......................................................................................... 10

Civ. Code § 2924(a)(6) .......................................................................................... 10

Civ. Code §§ 3412, 3413 ....................................................................................... 10

Penal Code § 115, 484 ........................................................................................... 17

**OTHER AUTHORITIES**

1 Witkin, Summary of California Law (9th ed. 1987) Contracts .......................... 14

55 California Jurisprudence Third, Restitution ..................................................... 14

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiff George M. Kramer ("Plaintiff") obtained a mortgage loan *over seven years ago* to finance the purchase of real property.  Plaintiff defaulted on that loan in 2012 and after failing to cure his default, the Property was sold at public auction in March 2013.   Seven months later, Plaintiff filed the instant Complaint against Defendants[1] seeking to cancel the Trustee's Deed Upon Sale in an obvious attempt to maintain possession of property he has not paid for.  However, Plaintiff's claims fail as a matter of law.  In fact, this Court[2], and the overwhelming majority of courts, have rejected these securitization theories time after time.  The result should be no different here.  Besides Plaintiff's allegations failing under the basic principle of *stare decisis*, they also fail for the following reasons:

- Plaintiff's claim for declaratory relief fails because alleged violations of the Pooling and Servicing Agreement ("PSA") do not give rise to *any* cause of action, Plaintiff lacks standing to challenge the Assignment of Deed of Trust, and because Plaintiff's "robo-signing" allegations are fatally underpled;

- Plaintiff's wrongful foreclosure and quiet title claims fail because he does not allege tender;

- Plaintiff's cancellation claim is inadequately pled;

- No duty supports Plaintiff's negligence claim and he fails to allege breach, causation, or damages;

- The federal Fair Debt Collection Practices Act ("FDCPA") does not apply to foreclosure related activities and Defendants are not "debt collectors" under the statute;

- There is an existing contract in this matter precluding a claim for quasi-contract;

- There is no fiduciary relationship between Defendants and Plaintiff supporting Plaintiff's claim for an accounting and Plaintiff fails to allege Defendants owe Plaintiff a debt;

- Plaintiff lacks standing under the UCL and fails to allege any wrongful conduct.

---

[1] Bank of America, N.A. as successor by merger to BAC Home Loans Servicing, LP and Countrywide Home Loans Servicing, LP ("BANA"); Mortgage Electronic Registration Systems, Inc. ("MERS"); and Federal Home Loan Mortgage Corporation ("Freddie Mac") (collectively, "Defendants").

[2] *See, e.g. Newman v. The Bank of New York Mellon, et al.*, Case No. 1:12-CV-01629-A WI-GSA. The First Amended Complaint in *Newman* is nearly identical to the present Complaint, alleging seven claims (six of which are included in the present Complaint) for: (1) declaratory relief; (2) negligence; (3) quasi-contract; (4) violation of 15 U.S.C. Section 1692; (5) violation of California Business and Professions Code Section 17200; (6) violation of California Civil Code Section 2923.5; and (7) accounting.  RJN, Ex. A. Request for Judicial Notice ("RJN"), Exs. A (Newman First Amended Complaint), B (Newman Ruling).

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

Plaintiff cannot amend this pleading to state a viable claim against Defendants as a matter of law. Accordingly, the Motion should be granted, without leave to amend.

## II.   FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

On or about August 24, 2006, Plaintiff obtained a mortgage loan in the amount of $240,000.00 (the "Loan") secured by a Deed of Trust relating to real property located at 529 Esgar Avenue, Modesto, California 95350 (the "Property"). Compl., Exs. A (Note), B (Deed of Trust). The Deed of Trust lists Aegis Wholesale Corporation ("Aegis") as lender, Commonwealth Land Title ("Commonwealth") as trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as beneficiary. Compl., Ex. B. On March 15, 2012, MERS issued an Assignment of Deed of Trust, naming Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing, LP ("BANA") as the new beneficiary. Compl., Ex. E (the "MERS Assignment"). On October 3, 2012, BANA executed a Substitution of Trustee, substituting Quality Loan Service Corporation ("QLSC") in as trustee of record. Compl., Ex. F (Substitution of Trustee). On November 15, 2012, QLSC executed a Notice of Default and Election to Sell Under Deed of Trust listing Plaintiff's total arrears of $8,276.51. Compl., Ex. H (Notice of Default). On February 21, 2013, QLSC executed a Notice of Trustee's Sale, indicating a sale date of March 25, 2013. Compl., Ex. I (Notice of Trustee's Sale). On January 14, 2013, BANA, through QLSC as its attorney in fact, executed an Assignment of Deed of Trust, naming Federal Home Loan Mortgage Corporation ("Freddie Mac") as the new beneficiary. Compl., Ex. J (the "BANA Assignment"). On March 25, 2013, after Plaintiff failed to cure his default, the Property was sold at public auction to Freddie Mac for $119,170.00. Compl., Ex. K (Trustee's Deed Upon Sale).

On October 21, 2013, Plaintiff filed the present Complaint alleging that Defendants improperly securitized the Loan by failing to transfer it to the Securitized Trust prior to the Trust's alleged "closing date" provided by the PSA. Compl. ¶¶ 32, 36. Plaintiff also alleges that the Loan was never properly assigned from MERS to BANA or from BANA to Freddie Mac [Compl. ¶¶ 31, 34, 35, 41-45], such that neither BANA nor Freddie Mac are or were ever entitled to collect Plaintiff's mortgage payments [Compl. ¶ 47] or foreclose on the Property. Compl. ¶¶ 65, 99, 128, 133. Further, Plaintiff alleges that Defendants are not "holders in due course of Plaintiff's note" [Compl. ¶ 57], that MERS, in general, cannot hold or assign a beneficial interest in a deed of trust [Compl. ¶43], and that Defendants improperly used "robo-

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

–2–

signers" to fraudulently execute both Assignments of Deed of Trust and the Substitution of Trustee. Compl. ¶¶ 48-53, 72.

### III.     LEGAL STANDARD

A motion to dismiss under Federal Rules of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F. 3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory, or where it presents a cognizable legal theory yet fails to plead essential facts to support that theory. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533–34 (9th Cir. 1984). . The purpose of a Rule 12(b)(6) motion to dismiss is "to allow the court to eliminate actions that are fatally flawed in their legal premises and destined to fail, and thus spare litigants the burdens of unnecessary pretrial and trial activity." *Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.*, 988 F.2d 1157, 1160 (Fed. Cir. 1993).

While all material allegations must be taken as true, "conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim." *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988); *Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003). Indeed, the Supreme Court recently confirmed the requirement that pleadings must contain more than labels and unsupported conclusions, and emphasized that conclusory allegations are not entitled to be assumed true. *See Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949-52 (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A court is not required to "accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). In testing the complaint's legal adequacy, the court may consider material properly submitted as part of the complaint or subject to judicial notice. *Schwartz v. KPMG LLP*, 476 U.S. 756, 763 (9th Cir. 2007). When it would be futile to amend the complaint's deficiencies, dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).

### IV.     LEGAL ARGUMENT

**A.     Plaintiff's Claim for Declaratory Relief Fails As A Matter of Well-Settled Law Because He Fails To Adequately Allege That Any Of The Recorded Documents Are Invalid**

In Plaintiff's first claim for declaratory relief, he alleges that "none of the Defendants have a secured or unsecured legal, equitable, or pecuniary interest in the lien…" Compl ¶ 104. In support of his

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

claim, Plaintiff makes several different allegations attacking the validity of both Assignments of Deed of Trust, as well as the Substitution of Trustee, all of which fail for the reasons discussed immediately below. Compl., Exs. E, F, J.3

### 1. Alleged Violations Of The PSA Do Not Give Rise To *Any* Cause Of Action

First, Plaintiff alleges that the "parties involved in the alleged Securitization and transfer of Plaintiff's Note and Mortgage failed to adhere to § 2.01 of the PSA, which requires that Plaintiff's Note and Mortgage be properly…transferred, accepted and deposited with the Securitization Trust (or its custodian) on or before the 'closing' date indicated on the Prospectus." Compl. ¶ 32. This is the same argument the Court properly rejected in *Newman*. *See generally* RJN, Ex. A. ("'the alleged violation of the PSA is not a proper basis *for this or any cause of action* in the Complaint.'…Any claims that are based on violation of the PSA are not viable.").Plaintiff's claims here fail for the same exact reasons.4

### 2. Plaintiff Lacks Standing To Challenge The MERS Assignment

Next, Plaintiff alleges that the March 15, 2012 Assignment from MERS to BANA is invalid [Compl., Ex. E] because MERS allegedly "had no right or authority to record the Assignment for it is just 'acting solely as a Nominee for the Lender.'" Compl. ¶ 33. Plaintiff alleges that "MERS was never the servicer or collector of any payments on this loan, and cannot claim to be the beneficiary of this loan." *Id.* However, Plaintiff lacks standing to challenge the MERS Assignment. Specifically, as explained in *Gomes v. Countrywide Home Loans, Inc.* [192 Cal. App. 4th 1149, 1157 (2011)], Plaintiff cannot argue that MERS does not have the authority to assign the loan because he voluntarily signed an agreement giving MERS explicit authority to do so. *Id.* Here, the Deed of Trust specifically states:

---

3 *See* 28 U.S.C. § 2201(a); *Boeing Co. v. Cascade Corp.*, 207 F.3d 1177, 1192 (9th Cir. 2000) ("Whether declaratory relief is appropriate depends upon 'whether facts alleged, under all the circumstances, show that there is a substantial controversy between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of declaratory judgment.'")(citing *Maryland Cas. Co. v. Pacific Coal and Oil Co.,* 312 U.S. 270, 273, 61 S.Ct. 510 (1941)).

4 To the extent Plaintiffrelies on a recent decision from California's Fifth District Court of Appeal in *Glaski v. Bank of America, N.A.*, 218 Cal. App. 4th 1079 (2013), *Glaski* does not alter the outcome. Indeed, the Court made very clear in *Newman* that it, like several other federal courts, will not adopt the holding in *Glaski* absent adoption by the California Supreme Court or the Ninth Circuit: "…no courts have yet followed *Glaski* and *Glaski* is in a clear minority on the issue. Until either the California Supreme Court, the Ninth Circuit, or other appellate courts follow *Glaski,* this Court will continue to follow the majority rule." RJN, Ex. B at 4 (citing *Toneman v. United States Bank*, 2013 U.S. Dist. LEXIS 98966, *30-*31 (C.D. Cal. June 13, 2013); *Jenkins v. JP Morgan Chase Bank, N.A.*, 216 Cal. App. 4th 497, 515 (2013)). The majority rule, of course, being that "[a]s an unrelated third party to the alleged securitization, and any other subsequent transfers of the beneficial interest under the promissory note, [Plaintiff] lacks standing to enforce any agreements, including the investment trust's pooling and servicing agreement, relating to such transactions." *Jenkins*, 216 Cal. App. 4th at 515.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1
2
3
4

Borrower [Plaintiff] understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, **MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property, and to take any action required of the Lender, including, but not limited to, releasing or canceling this Security Instrument.**

5
Compl., Ex. B (emph. added).  Thus, the loan agreement Plaintiff voluntarily signed grants MERS the

6
authority to assign the Deed of Trust and Plaintiff cannot now argue that MERS lacked such authority.

7
Further, established California case law makes it clear that MERS is a valid beneficiary under a

8
deed of trust.  *See Cervantes v. Countrywide Home Loans*, 656 F.3d 1034, 1042 (9th Cir. 2011)

9
(specifically rejecting the borrowers' "MERS is a sham beneficiary" allegation where it was apparent that

10
the deed of trust explicitly identified MERS' role and authority, which the borrowers then executed)

11
(applying Arizona contract law).  Thus, this basis for Plaintiff's declaratory relief cause of action must fail

as well.

12
### 3.      Plaintiff's "Robo-Signing" Allegations Are Fatally Underpled

13
Next, Plaintiff attacks the MERS Assignment alleging that the signatory on behalf of MERS,

14
Assistant Secretary, "Rene Rosales is an individual, 'Robo-Signer,' who simply assigns [sic] thousands of

15
property record documents without any legal or corporate authority whatsoever."  Compl. ¶ 49.  Plaintiff

16
alleges that "Rene Rosales was never…appointed as the 'Assistant Secretary" by the Board of Directors of

17
MERS…[and] [f]or that reason, Rene Rosales never had, nor has, any corporate or legal authority from

18
MERS, or the lender's successors and assigns, to execute the purported 'Assignment.'" Compl. ¶ 51.[5]

19
However, Plaintiff fails to set forth any *facts* or *law* that would render any of the recorded

20
documents invalid.[6]  *See generally* Compl.  Rather, merely branding documents as "robo-signed" is not

21
commensurate with alleging facts indicating wrongdoing by Defendants.  Not surprisingly, Plaintiff fails to

22
allege any facts that would show what effect "robosigning" would have on his obligations under the

23
24
25
26
27
28

[5] Similarly, Plaintiff alleges that the signatory on behalf of QLSC (as attorney in fact for BANA) on the Substitution of Trustee, "Tom Bargenquast" "is an individual who simply signs thousands of property record documents without any legal or corporate authority whatsoever."  Compl. ¶ 72.  Plaintiff alleges that "Tom Bargenquast is not a 'Vice-President' for QLSC and in fact, the Substitution was fraudulently signed without Freddie Max's [sic] knowledge or authorization and BANA was not the present beneficiary under the Deed of Trust."  Compl. ¶ 73.

[6] Rather, the applicable presumption flies in the face of Plaintiff's bare and conclusory allegations where the recorded documents at issue are notarized.  *See* Compl., Exs. E, F, J; Cal. Civ. Code § 1190.  Specifically, where the documents were executed and notarized, the notary seal on the documents is prima facie evidence that the documents were executed by a party with the proper authority. *Id.*

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

1   mortgage loan.  Simply put, his allegation fails as a matter of law to state a claim.  *See Cerecedes v. U.S.*

2   *Bankcorp.*, 2011 U.S. Dist. Lexis 75559 at *15-17 (C.D. Cal. 2011) (reviewing California law and holding

3   that Plaintiff failed to state a claim based on conclusory allegations of robo-signing).[7]

4         Finally, even if Plaintiff did properly allege any of the signatories lacked proper authority, Plaintiff

5   still has no standing to challenge the assignment on that, or any other basis.  He is not a party to the

6   assignment, the Deed of Trust specifically provides that MERS can assign its interest as discussed above in

7   Section (IV)(A)(2), and Plaintiff does not—and cannot—allege any detriment caused to him even if he

8   were right.  *See generally* Compl.  If the signatory on the MERS Assignment were not authorized to sign, it

9   would be for MERS to challenge, not Plaintiff.  Thus, Plaintiff's "robo-signing" claims must fail.

10        **4.    Plaintiff's Freddie Mac Claims Contain No Allegations Of Wrongdoing Against Defendants**

11

12        Finally, Plaintiff appears to attack the chain of title as a whole by making a host of allegations

13   pertaining to Freddie Mac's involvement with the Loan.  Specifically, Plaintiff alleges that the

14   "Assignment purportedly executed on April 3, 2013 [the BANA Assignment] is a nullity in view of the fact

15   that Freddie Mac already owned the Note and would have had to been Assigned the Deed of Trust in

16   September 2006 for Freddie Mac to have any secured interest in Plaintiff's real property…[but] [t]here is

17   no record of any such Assignment of Deed of Trust to Freddie Mac."  Compl. ¶ 44.  Thus, Plaintiff alleges,

18   "the [MERS] Assignment was fraudulently executed without Freddie Mac's knowledge or authorization."

19   Compl. ¶ 49.  "This is particularly true," Plaintiff alleges, "because Freddie Mac had acquired the Plaintiff's

20   Note in September of 2006."  *Id.*  However, these claims fail for the following reasons.

21        First, like in *Newman*, Freddie Mac and MERS are represented by the same attorney and jointly

22

[7] Yet again, these allegations echo those made in *Newman*.  As this Court summarized the plaintiff's allegations in that
23   case, "The FAC alleges that the individuals  who signed the August 2011 and September 2011 assignments of the deed
of trust were not Assistant Secretaries of MERS."  RJN, Ex B at 4.  "The FAC further alleges that Roland and Rodriguez
24   had no authority from MERS to execute the August 2011 assignment."  *Id.*  This Court held, "…the allegations regarding
Rodriguez are conclusory."  *Id.*  Further, the Court held, specific to the assignment from MERS to the Bank of New
25   York ("BONY"), that "[i]f Roldan or Rodriguez did not transfer MERS's interest to BONY, then MERS would be the
victim of fraud.  MERS has not in any way indicated that it has been swindled out of its interest.  To the contrary, the
26   fact that both MERS and BONY are represented by the same attorney and have filed a mutual motion to dismiss
indicates that no fraudulent transfer occurred."  *Id.* at 5.  The same rationale holds true in the present matter.  The MERS
27   Assignment named BANA as the new Beneficiary.  Compl., Ex. E.  MERS and BANA are represented by the same
attorney in this matter and MERS, just as in *Newman*, "has not in any way indicated that it has been swindled out of its
28   interest."  RJN, Ex. B at 5.  Accordingly, Plaintiff's "robo-signing" allegations must fail.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  bring this Motion to Dismiss, thus negating any notion that Freddie Mac was swindled out if its interest in

2  the lien by MERS.  This Court correctly pointed out in *Newman* that if an assignment was fraudulently

3  signed, MERS would be the victim of fraud.  RJN, Ex. B at 5.  Indeed, if the party that signed away

4  MERS' interest in the Deed of Trust had no authority to do so, that would mean MERS was defrauded and

5  one would expect MERS to seek to have its interest restored.  As this Court explained:

> MERS has not in any way indicated that it has been swindled out of its interest.  To the contrary, the fact that both MERS and BONY are represented by the same attorney and have filed a mutual motion to dismiss indicates that no fraudulent transfer occurred.  In other words, the fact that MERS and BONY are together defending this suit reflects the implausibility of Newman's assertions.  There is no indication that MERS has ever objected to the purported transfer of the beneficial interest to BONY.  In fact, as part of their join motion to dismiss, MERS and BONY both assert and rely on the validity of the assignment from MERS to BONY.  To the extent there may have been an agency issue regarding [alleged robo-signers], the conduct of both MERS and BONY in this case indicates ratification.

The present matter is no different.  Plaintiff is alleging that Freddie Mac has owned his Loan since 2006, and thus, the MERS Assignment, issued in 2012, must be fraudulent where MERS allegedly did not have any interest to assign to BANA.  Compl. ¶ 50.  However, just as with MERS in *Newman,* Freddie Mac "has not in any way indicated that it has been swindled out of its interest."  RJN, Ex. B at 5.  Rather, all three entities involved – MERS, BANA, and Freddie Mac – are represented by the same attorneys and together bring this joint Motion to Dismiss Plaintiff's claims.  In other words, the fact that MERS, BANA, and Freddie Mac are together defending this suit reflects the implausibility of Plaintiff's assertions.  In fact, as part of this joint Motion to Dismiss, MERS, BANA, and Freddie Mac all rely on the validity of the MERS Assignment.  Thus, Plaintiff's Freddie Mac allegations must fail.

Finally, Plaintiff fails to allege how any of his Freddie Mac allegations are relevant.  Rather, the chain of title would indicate that they are irrelevant where BANA assigned its interest in the Loan to Freddie Mac on January 14, 2013.  Compl., Ex. J.  Thus, regardless of whether Freddie Mac obtained its interest in 2006 or 2013, it was the beneficiary under the Deed of Trust at the time of foreclosure in either scenario.  Further, Plaintiff alleges absolutely no facts indicating that Freddie Mac's involvement with this Loan had any bearing on Plaintiff's default or his failure to cure his default.  Accordingly, the Court should dismiss Plaintiff's Freddie Mac allegations as a matter of law.[8] [9]

_____

[8] To the extent that Plaintiff alleges that, "on information and belief, the Freddie Mac Multiclass certificates, REMIC

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**B.      Plaintiff's Wrongful Foreclosure Claims Fail As A Matter Of Law Because Plaintiff Fails To Allege Tender And Because The Public Record Contradicts Any Claim That Foreclosure Was Improper**

In Plaintiff's second claim for wrongful foreclosure, Plaintiff alleges that on March 21, 2012, "MERS attempted to assign and convey to BANA all beneficial interest under…[the] Deed of Trust..." Compl. ¶ 114.  However, Plaintiff alleges, "MERS did not have the legal and/or beneficial interest to assign any rights, particularly the Note, to BANA and said Assignment of Deed of Trust is void ab initio." *Id.* ¶ 115.  Finally, after briefly alleging the chain of title demonstrated by the recorded documents discussed above in Section (II) of this Motion, Plaintiff alleges that "[n]either Freddie Mac nor BANA can establish a unbroken chain of title, nor do they possess any legal or beneficial interest in the Plaintiff's residence, thus the [Trustee's] sale was improperly held and the trustee's deed was wrongfully executed…" *Id.* ¶ 120.  However, all of these claims fail for the reasons just discussed in Section (IV)(A) of this Motion.  Additionally, Plaintiff fails to allege tender and the recorded documents contradict his allegations.

**1.      Plaintiff Fails To Allege Tender**

As an initial matter, it is well established that a debtor cannot challenge the foreclosure proceedings without first credibly alleging tender:  "When a debtor is in default of a home mortgage loan, and a foreclosure is either pending or has taken place, the debtor must allege a credible tender of the amount of the secured debt to maintain any cause of action for wrongful foreclosure." *Alicea v. GE Money Bank*, 2009 WL 2136969, *3 (N.D. Cal. 2009) (citing California law).[10]  Here, Plaintiff completely fails to allege tender and her wrongful foreclosure claims must fail for this reason alone.  Indeed, Plaintiff does not even

Series 3201 that purportedly owns Plaintiff's Note and Mortgage has been dissolved due to the disbursement and receipt of mortgage payouts to Freddie MAC and the Certificateholders (including, but not limited to, Credit Default Swaps and other mortgage insurance products)" – Plaintiff's claim is misguided.  Compl. ¶ 23.  Specifically, Plaintiff alleges that "[a]s a result of these mortgage insurance payouts, Freddie Mac has been paid in full on Plaintiff's debt obligation." *Id.* This reasoning is identical to that of the plaintiff in *Newman*.  RJN, Ex. B at 8.  As this Court held in *Newman*, "[t]his allegation is essentially an argument that the securitization process extinguished the requirement for Newman to make monthly payments. **This is not a viable theory.**" *Id.* (emph. added). Accordingly, this allegation should be disregarded.

[9] Finally, to the extent Plaintiff alleges that Defendants are not holders of Plaintiff's note [Compl. ¶ 57] California law provides that  possession of the original note is not a prerequisite to foreclosure.  Section 2924 does not require Defendants to hold the promissory note to initiate foreclosure as a matter of well-settled law.  *See Debrunner v. Deutsch Bank Nat'l Trust Co.*, 204 Cal. App. 4th 433 (2012) ("the procedures to be followed in a nonjudicial foreclosure are governed by sections 2924 through 2924k, *which do not require that the note be in the possession of the party initiating the foreclosure.*") (emph. added).

[10] *see also U.S. Cold Storage of Cal. v. Great W. Sav. & Loan Ass'n*, 165 Cal. App. 3d 1214, 1222 (1985). ("[A] trustor or his successor must tender the obligation in full as a prerequisite to challenge of the foreclosure sale.").

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

allege that he has the *ability* to tender the amount due and his outstanding balance of $235,160.95 at the time of the March 25, 2013 Trustee's sale, suggests that he does not.  Compl., Ex. K.

Rather, Plaintiff attempts to maneuver around the tender requirement by claiming that he "is willing to pay his obligations on the Note to whomever is legally entitled to payments on the note."  Compl. ¶ 100.  Plaintiff then includes a footnote wherein he alleges that an unpublished federal case, *Sacchi v. Mortgage Electronic Registration Systems, Inc.*, 2011 WL 2533029 at *16, stands for the proposition that "tender is not required when the owner's action attacked the validity of the underlying debt because the tender would constitute an affirmation of the debt."  *See* Compl., Footnote 17.  However, that is not at all what *Sacchi* says.  Rather, the Court noted that the plaintiffs had also alleged a violation of California Civil Code Section 2923.5 and held that, "[t]ender is not required where a Plaintiff alleges a violation of Section 2923.5 because 'the whole point of section 2923.5 is to create a new, even if limited right, to be contacted about the possibility of *alternatives* to full payment of arrearages.  It would be contradictory to thwart the very operation of the statute if enforcement were predicated on full tender.'"  *Id.* at *10.  Here, Plaintiff does not allege a violation of Section 2923.5 and, thus, *Sacchi* is inapposite.  To the contrary, Plaintiff does not allege tender as he must and his wrongful foreclosure claims must fail as a result.[11]

**2.  The Publicly-Recorded Documents Contradict Any Assertion That Foreclosure Was Improper**

Next, Plaintiff's allegation that "neither Freddie Mac nor BANA can establish an unbroken chain of title" [Compl. ¶ 120] is contradicted by the public record.  Specifically, if a deed of trust contains an express provision granting a power of sale, a "***trustee, mortgagee, or beneficiary or any of their***

---

[11] To the extent Plaintiff cites *Onofrio v. Rice*, 55 Cal. App. 4th 413 (1997) [Compl., at Footnote 17], not only does Plaintiff fail to explain why it would be inequitable to require tender *here*, *Onofrio* is also entirely inapposite.  In *Onofrio*, a borrower who had already defaulted on her home loan and was subject to foreclosure was approached by a foreclosure consultant who rendered services in exchange for a deed of trust against the home.  *Id.* at 416-19.  The consultant, rather than help the borrower, purchased the second mortgage on the property and then foreclosed on the deed of trust. *Id.*  In affirming the trial court's decision to set aside the foreclosure sale, the Court of Appeal noted that "when the person making the claim has a counter-claim or set off against the beneficiary . . . it is deemed that they offset each other, and if the offset is equal to or greater than the amount due, a tender is not required."  *Id*. at 424.  The facts in the present case are clearly distinguishable from *Onofrio*.  Plaintiff conclusorily alleges that "any amount allegedly owed under the Note is subject to equitable offset by the actual, consequential, special and punitive damages owed to Plaintiff from defendants, which is an amount currently unknown, but will be determined upon conducting discovery  Plaintiff believes this amount will be in excess of his obligation." Compl.  ¶ 54.  However, Plaintiff *alleges no facts* to support the assertion that Defendants owe him damages in any amount and the remainder of this Motion establishes the obvious legal inadequacies of each of Plaintiff's claims.  Further, Plaintiff also completely fails to allege any supporting facts that any purported offset is an amount greater than or equal to the amount due, which was $235,160.95 as of March 25, 2013.  *See* Compl., Ex. K.

*authorized agents*" may institute the foreclosure process.  Cal. Civ. Code § 2924(a)(1) (emph. added).[12]

Here, on March 15, 2012, MERS issued an Assignment of Deed of Trust naming BANA as the Deed of Trust's new beneficiary.  Compl., Ex. E.  On October 3, 2012, BANA executed a Substitution of Trustee, substituting QLSC in as trustee of record.  Compl., Ex. F.  On November 15, 2012, QLSC executed a Notice of Default and Election to Sell Under Deed of Trust, "as *agent for the Beneficiary.*"  Compl., Ex. H (emph. added).  On January 14, 2013, BANA, through QLSC as its attorney in fact, executed an Assignment of Deed of Trust, naming Freddie Mac as the new beneficiary.  Compl., Ex. J.  Lastly, it was QLSC, as trustee of record, that executed and recorded the Notice of Trustee's Sale and the Trustee's Deed Upon Sale.  Compl., Exs., I, K.  Accordingly, the publicly-recorded documents attached to Plaintiff's Complaint indicate a clear chain of title and contradict any claim that Defendants lacked authority to foreclose or that foreclosure was improper.  Accordingly, Plaintiff's wrongful foreclosure claims must fail.

**C.      Plaintiff Fails To Adequately Allege A Single Element Of A Cancellation Claim**

In Plaintiff's third claim to cancel the Trustee's Deed Upon Sale, he alleges that the "claims of Defendant Freddie Mac are based on the Trustee's Deed of Sale…purporting to have been executed by Defendant QLSC…and purporting to convey the property to Defendant Freddie Mac…is void and of no force and effect regarding Plaintiff's interests in the real property..."  Compl. ¶ 128.  However, Plaintiff fails to allege any of the elements of a cancellation claim.[13]

First and foremost, Plaintiff concedes that he believes that Freddie Mac has owned the Loan since 2006.  Compl. ¶ 50.  Further, Plaintiff concedes that in May 2012, he "lost his job and was unable to make payments on his loan…"  Compl. ¶ 79.  Lastly, Plaintiff alleges that BANA provided him a reinstatement quote (the amount necessary to bring the Loan current) but that the amount "was more than Plaintiff [could] pay."  Compl. ¶ 87.  Thus, it is unclear how Plaintiff can in good faith, challenge the Trustee's Deed

---

[12] California law further provides that an entity authorized to record the notice of default or initiate the foreclosure process includes "a *designated agent* of the holder of the beneficial interest."  Cal. Civ. Code § 2924(a)(6) (emph. added).

[13] To state a cancellation claim, Plaintiffs must allege: (1) there is a reasonable apprehension that the instrument left standing might cause serious injury; (2) the instrument is invalid on its face; (3) the instrument is void or voidable; (4) the instrument was in existence or under defendant's possession and control when the action was filed; and (5) if the interest is voidable rather than void, that they acted promptly to rescind.  Civ. Code §§ 3412, 3413; *Hironymous v. Hiatt*, 52 Cal. App. 727, 731 (1921).

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1   Upon Sale when he concedes he defaulted on the Loan and concedes that Freddie held the lien on the

2   Property securing that Loan.  Compl. ¶¶ 50, 79, 87.

3           Next, Plaintiff completely fails to allege how or why the Trustee's Deed is invalid, how it could in

4   any way cause serious injury, or how the instrument is void or voidable.  *See generally* Compl.  Rather,

5   Plaintiff merely includes a vague reference to another part of his Complaint, stating that the Trustee's Deed

6   is invalid "for the reasons set forth in…paragraph 66 through 76."  Compl. ¶ 128.  However, all paragraphs

7   66 through 76 allege is that the Substitution of Trustee must be invalid because the signatory, "Tom

8   Bargenquast", is a purported "robo-signer" that signed the Substitution without authority to do so.

9   However, as discussed extensively above in Section (IV)(A)(3), these allegations fail as a matter of law and

10   so too must Plaintiff's cancellation claim.

11   **D.      Plaintiff's Quiet Title Claim Fails Because He Does Not Allege Tender**

12           In Plaintiff's fourth claim to quiet title, Plaintiff relies on his other causes of action in alleging that

13   he is the legal owner of the Property and entitled to its possession.  Compl. ¶ 132.  However, not only do all

14   of Plaintiff's other causes of action fail as a matter of law as discussed throughout this Motion, Plaintiff also

15   fails to allege tender or verify his Complaint.

16           It is well-established that a borrower may not maintain a quiet title action against a mortgagee

17   without first paying the outstanding debt on which the subject mortgage is based.[14]  As discussed

18   extensively above in Section (IV)(B)(1), Plaintiff completely fails to allege tender or even his *ability* to

19   tender the amount due.  Accordingly, Plaintiff's claim must fail.

20   **E.      No Duty Supports Plaintiff's Negligence Claim And He Fails To Allege Breach,
             Causation, Or Damages**

21

22           In Plaintiff's fifth claim for negligence, he alleges that Defendants owed a duty of care to Plaintiff

23   and breached that purported duty by failing "to follow the HUD guidelines and the IRS REMIC

24   requirements which dictate that the Trust [PSA]…must be followed as to the transfer of the Note and Deed

25   of Trust into the Freddie Mac [Securitized Trust]…by the Closing date."  Compl. ¶ 142.  Further, Plaintiff

26   ---

     [14] *Miller v. Provost*, 26 Cal. App. 4th 1703, 1707 (1994) ("a mortgagor of real property cannot, without paying his debt, quiet his
27   title against the mortgagee"); *see also Kelley v. Mortg. Elec. Registration Sys., Inc.,* 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009)
     (in order to maintain an action to quiet title, plaintiffs must allege that they are "the rightful owners of the property, i.e. that they
     have satisfied his obligations under the Deed of Trust.").

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

alleges that BANA breached an alleged duty of care to Plaintiff "when [it] negligently handled Plaintiff's attempts to modify his loan…" Compl. ¶ 143. However, Plaintiff does not – and cannot – adequately allege that Defendants owed him any duty of care and he does not adequately allege breach, causation, or damages.[15]

First and foremost, it is well-established that a financial institution does not owe any duty of care to a borrower where its involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender.[16] Further, as one California Appellate Court confirmed in August, loan servicers like BANA owe borrowers no duty either, even with respect to loan modification activity. *Aspiras v. Wells Fargo Bank, N.A.*, 219 Cal. App. 4th 948, 963-965 (2013)("The conventional-money lender test shall be sufficient to determine that there is no duty of care owed in servicing Plaintiff's mortgage loan and loan modification.'" (citing *Alvarado v. Aurora Loan Services, LLC*, 2012 WL 4475330 at *6 (C.D. Cal. 2012)(emph. added)).[17] Accordingly, Plaintiff does not – and cannot – adequately allege that Defendants owed him any duty and his negligence claim fails for this reason alone.

Next, even if Plaintiff could allege that Defendants owed him a duty – which he cannot – his claim still fails where he does not allege any breach. Specifically, with regards to the PSA [Compl. ¶¶ 142, 145], Plaintiff does not have standing to allege *any* claim based on Defendants alleged failure to adhere to the PSA as discussed extensively above in Section (IV)(A)(1) of this Motion. Next, to the extent Plaintiff conclusorily alleges that Defendants "negligently handled Plaintiff's attempts to modify his loan" [Compl. ¶ 143], Plaintiff alleges *absolutely no supporting facts*. *See generally* Compl. To the extent Plaintiff is concluding that Defendants must have been negligent in handling Plaintiff's loan modification attempts because Plaintiff was not offered a loan modification, the law is clear that Plaintiff is not entitled to a loan

---

[15] A negligence cause of action has four requisite elements:  "(1) the duty of the defendant with respect to the injured person's injury; (2) the violation of that duty; (3) the causal relation between the defendant's conduct and the injury suffered; and (4) the plaintiff's loss, i.e., damages." *Premo v. Grigg*, 237 Cal. App. 2d 192, 195 (1965).

[16] *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089 (1991); *Wagner v. Benson*, 101 Cal. App. 3d 27, 35 (1980) (lender owes no duty of care to borrower absent some suggestion that the lender was actively involved in the business venture beyond merely lending money).

[17] Indeed, *Aspiras* made it abundantly clear that "offering loan modifications is sufficiently entwined with money lending so as to be considered within the scope of typical money lending activities." *Aspiras*, 219 Cal. App. 4th at 963. Additionally, the Court reiterated this position a page later stating, "**the handling of loan modification negotiations or servicing is a typical lending activity that precludes an imposition of a duty of due care**." *Id.* at 965.

1   modification, nor are Defendants obligated to provide one.[18]   Finally, it is unclear how Plaintiff can allege

2   Defendants were "negligent" in failing to provide him a loan modification where he concedes that

3   Defendants reviewed him for a loan modification but determined that "the loan amount exceeded the

4   home's current value by more than the acceptable value." Compl. ¶ 83.

5         Finally, Plaintiff fails to allege causation or damages. *See generally* Compl.  Rather, any alleged

6   injury, including the ultimate loss of the Property, is the direct result of Plaintiff's conceded failure to make

7   his mortgage payments and conceded inability to bring the Loan current.  Compl. ¶¶ 79, 87; *see also*

8   *Auerbach v. Great W. Bank*, 74 Cal. App. 4th 1172, 1185 (1999) (plaintiffs' loan payments made pursuant

9   to the valid loan contract did not constitute damages because plaintiffs were obligated to make them

10   pursuant to a valid promissory note). Thus, Plaintiff's claim must fail.[19]

11   **F.    Plaintiff's FDCPA Claim Fails Because The FDCPA Does Not Apply To Foreclosure
         Related Activity And Because Defendants Are Not Debt Collectors Under The Statute**

12         In Plaintiff's sixth claim for violation of the FDCPA, he alleges that Defendants illegally attempted

13   to collect on Plaintiff's debt obligation and bases his assertion on his oft-alleged theory that both

14   Assignments are invalid.  *See* Compl. ¶ 149.  However, this theory fails as a matter of law as discussed

15   extensively above in Section (IV)(A) of this Motion.  Additionally, "the law is clear that foreclosing on a

16   property pursuant to a deed of trust is not a debt collection within the meaning of…the FDCPA." *Gamboa*

17   *v. Tr. Corps*, 2009 WL 656285, at *4 (N.D. Cal. 2009). [20]

18         Lastly, to be subject to the FDCPA, Defendants must be considered "debt collectors" under the

---

[18] *See Lueras v. BAC Home Loans Servicing, LP,* et al., 2013 WL 5848859 at *9 ("We disagree with *Jolley* to the extent it suggests a residential lender owes a common law duty of care to offer, consider, or approve a loan modification, or to explore and offer foreclosure alternatives. As the *Jolley* court recognized, 'there is no express duty on a lender's part to grant a modification under state or federal loan modification statutes.'" (*citing Jolley v. Chase Home Finance, LLC,* 213 Cal. App. 4th 872, 903 (2013) (*Jolley*))).

[19] To the extent Plaintiff alleges that Defendants failed to properly credit payments made, incorrectly calculated interest on the accounts, and failed to accurately debit fees, [Compl. ¶¶ 90-91], Plaintiff provides absolutely *no supporting facts*. *See generally* Compl.  Plaintiff does not allege how payments were improperly credited, when they were improperly credited, how and when interest was incorrectly calculated, how much interest Plaintiff allegedly should have owed, which fees were not debited accurately, when the inaccurate debits occurred, nor does Plaintiff attach any documentation to his Complaint supporting any of these allegations.  Accordingly, they impermissibly vague, uncertain, and conclusorily should be disregarded.

[20] *See also Goodwin v. Cal. Reconveyance Co.*, 2010 WL 3341831, at *5-6 (E.D. Cal. 2010) ("Foreclosure on a property based on a deed of trust does not constitute collection of a debt within the meaning of the FDCPA."); *Anaya v. Advisors Lending Group*, 2009 WL 2424037, at *9 (E.D. Cal. 2009) ("[f]oreclosing on a trust deed is distinct from the collection of the obligation to pay money").

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

statute. 15 U.S.C. § 1962a(6).  However, a "debt collector" does not include a person who collects or attempts to collect a debt "to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person." *Id.* § 1962a(6)(F).  Under this exception, courts have routinely held that servicing companies are not "debt collectors" under the FDCPA when the debt was not in default at the time it was assigned.[21]  Accordingly, where the FDCPA does not apply to foreclosure related activities and where Defendants are not "debt collectors" under the statue, Plaintiff's claim must fail.

**G.     Plaintiff's Quasi-Contract Claim Fails Because There Is An Existing Contract**

In Plaintiff's eighth claim for quasi-contract, he alleges that "BANA attempted but failed to become a party to the Note and Deed of Trust when it was purportedly assigned Aegis Wholesale Corporation's interest in Plaintiff's Note and Deed of Trust by MERS."  Compl. ¶ 165; Compl., Ex. E. Plaintiff alleges that the Assignment from MERS is of "no legal effect" or "an illegal conversion of the Note" because "MERS was never the servicer or collector of any payments on this loan and cannot claim to be the beneficiary of the loan."  Compl. ¶ 165.  However, Plaintiffs' MERS' allegations fail as matter of law as discussed extensively above in Section (IV)(A)(4).  Further, there is an existing contract in this matter precluding a quasi-contract claim.  *See* Compl., Exs. A, B.

Quantum meruit or quasi-contractual recovery rests upon the equitable theory that a contract to pay for services rendered is implied by law for reasons of justice.[22]  However, it is well settled that there is no equitable basis for quasi-contract when the parties have an actual agreement covering compensation. *Willman v. Gustafson*, 63 Cal. App. 2d 830 (1944) (there can be no implied promise to pay reasonable value for services when there is an express agreement to pay a fixed sum). [23]  Here, Plaintiff's claim fails because there is an existing contract between the parties – i.e. – the Loan contract comprised of the Note

---

[21] *See, e.g.*, *Caballero v. Ocwen Loan Serv.*, 2009 WL 1528128, at *1 (N.D. Cal. 2009) ("creditors, mortgagors and mortgage servicing companies are not 'debt collectors' and are exempt from liability"); *Glover v. Fremont Inv. & Loan*, 2009 WL 6114001, at *8 (N.D. Cal. 2009) (dismissing claims under FDCPA and RFDCPA without leave to amend against loan servicer on the ground that mortgage servicing companies are not debt collectors under either statute). Further, a conclusory allegation that a defendant is a "debt collector" is insufficient to maintain a claim under the FDCPA; a plaintiff must plead facts to support such an allegation. *See Ines v. Countrywide Home Loans, Inc.*, 2008 WL 4791863, at *3 (S.D. Cal. 2008) (granting motion to dismiss where complaint failed to allege sufficient facts to support allegation that defendants were debt collectors).

[22] See, e.g., 1 Witkin, Summary of California Law (9th ed. 1987) Contracts, sections 12, page 47; 91, pages 122-123; 112, pages 137-138.

[23] *See also* 55 California Jurisprudence Third, Restitution, sections 19, page 328 et seq.; and 58, and pages 375-376 (no ground to imply payment obligation in conflict with express contract).

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

–14–

and Deed of Trust.  See Compl., Exs. A, B.

Finally, as this Court held in *Newman*, wherein the plaintiff alleged a near identical cause of action for quasi-contract, "[t]his cause of action is based on the theory that Defendants received loan payments from Newman even though they had no interest that would entitle them to payments.  This claim essentially relies on the same allegations that underlie the first cause of action [for declaratory relief].  For the same reasons that the first cause of action fails, this claim also fails."  RJN, Ex. B at 8.[24]  Being that Plaintiff's first claim for declaratory relief fails here as well for the same reasons, Plaintiff's quasi-contract theory must also fail.

**H.      Plaintiff's Accounting Claim Must Fail Where He Cannot Allege The Existence Of A Fiduciary Relationship With Defendants Or That Defendants Owe Plaintiff A Debt**

In Plaintiff's ninth claim for an accounting, he alleges that "…Defendants have a fiduciary duty to Plaintiff to properly account for payments made by Plaintiff."  Compl. ¶ 171.  Further, though Plaintiff alleges that he "paid BANA for a period of six (6) years" he also alleges that the reasons stated in the Complaint, "none of the money was actually owed to BANA."  *Id.* ¶ 172.  Thus, Plaintiff alleges that "these monies are due to be returned to Plaintiff in full."  *Id.* ¶ 172.  However, Plaintiff's claim fails because he does not – and cannot – allege the existence of a fiduciary relationship with Defendants or that Defendants owe Plaintiff any debt.

Under California law, an accounting is an equitable remedy.  *Batt v. City & Council of San Francisco*, 155 Cal. App. 4th 65, 82 (2007).  "A cause of action for an accounting requires a showing that a relationship exists between the plaintiff and defendant that requires an accounting, and that some balance is due the plaintiff that can only be ascertained by an accounting."  *Teselle v. McLoughlin*, 173 Cal. App. 4th 156, 179 (2009).  As a general rule, "[t]he relationship between a lending institution and its borrower-client is not fiduciary in nature."  *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1093, n.1 (1991).  The same holds true for Plaintiff's loan servicer.  *See Shepherd v. Am. Home Mortg. Servs.*,

---

[24] To the extent Plaintiff alleges that the "obligations to Countrywide Home Loans under the deed of Trust, yet unrecorded, were fulfilled when Countrywide received the balance of the note as proceeds of the sale of Plaintiff's Note and Mortgage to a presently unknown entity" [Compl. ¶ 168] – this same allegation was considered and rejected by this Court in *Newman*.  Specifically, this Court held that "[t]his allegation is essentially an argument that the securitization process extinguished the requirement for Newman to make monthly payments.  This is not a viable theory."  RJN, Ex. B at 8.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

1   Inc., 2009 WL 4505925, at *2 (E.D. Cal. 2009).  Further, Plaintiff also fails to adequately allege that any

2   balance is owed to Plaintiff by Defendants.  *See generally* Compl.  Indeed, the *only* balance due that is

3   reflected in the public record is Plaintiff's outstanding balance under the Loan contract of <u>$235,160.95</u> as of

4   the March 25, 2013 Trustee's Sale.  Thus, Plaintiff cannot allege that he is in a fiduciary relationship with

5   Defendants or that he is owed *any* debt from Defendants and, thus, his accounting claim must fail.[25]

6        Indeed, the plaintiff in *Newman* alleged a near identical cause of action for accounting, as

7   summarized by this Court, "The FAC alleges that BOA and BONY owe Newman a fiduciary duty, that as

8   a result of the fraudulent conduct of BOA and BONY, Newman has paid them for three years even though

9   the money was not owed to BOA or BONY, and that an accounting is necessary in order for Defendants to

10   return all money paid to them.  These allegations do not state a claim."  RJN, Ex. B at 12.  The Court held,

11   "there is no fiduciary relationship between Newman and the Defendants, and there is nothing to indicate

12   that there is a balance due to Newman…that an accounting is necessary."  *Id.* The same holds true here.

13   **I.    Plaintiff Lacks Standing To Sue Under The UCL And Fails To Allege Any Wrongful Conduct**

14        In Plaintiff's seventh claim for violation of the UCL, he alleges that Defendants violated the

15   FDCPA and California Penal Code Section 532(f)(a)(4) by "executing and recording false and misleading

16   documents" and "without the legal authority to do so."  Compl. ¶¶ 151 – 152, 155.  Further, he alleges that

17   Defendants "failed to disclose the [Loan's] principal, demanded and accepted payments they were not

18   entitled to, violated the "Security First Rule", and wrongfully foreclosed on the Property.  *See generally*

19   Compl. ¶ 155.  However, Plaintiff lacks standing to sue under the UCL and fails to allege any wrongful

20   conduct.

21        First, to possess standing under the UCL, private individuals must allege that they have "suffered

22   injury in fact" and have "lost money or property as a result of such unfair competitions."  Bus. & Prof. Code

23   § 17204.[26]  As discussed above in Section (IV)(E), any alleged injury, including the ultimate loss of the

---

25 To the extent Plaintiff alleges that Defendants owe him damages in an amount greater than the amount of the Loan's unpaid principal balance, Plaintiff *alleges absolutely no facts* to support this assertion.  *See generally* Compl.  Indeed, Plaintiff completely fails to allege any supporting facts that any purported offset is an amount greater than or equal to the amount due, which was $235,160.95 as of March 25, 2013.  *See* Compl., Ex. K.

26 *See also Schulz v. Neovi Data Corp.*, 152 Cal. App. 4th 86, 92 (2007) (noting plaintiff must allege specific wrongful conduct of each defendant).  This standing requirement imbues the UCL with a causation requirement.  *See In re Tobacco II Cases*, 46 Cal. 4th 298, 313-14 (2009) (acknowledging reliance requirement); *Hall v. Time, Inc.*, 158 Cal. App. 4th 847, 855 (2008) ("The phrase

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1  Property, is the direct result of Plaintiff's conceded failure to make his mortgage payments and conceded

2  inability to bring the Loan current.  Compl. ¶¶ 79, 87.  Thus, Plaintiff lacks standing to sue under the UCL.

3       Next, Plaintiff fails to allege any wrongful conduct as discussed in the prior sections of this

4  Motion.[27]  To the extent Plaintiff again alleges a violation of the FDCPA, that claim is addressed above in

5  Section (IV)(F).  To the extent Plaintiff now alleges a violation of the California Penal Code, his claim fails

6  because it is based on a criminal statute that is enforceable only by the state government, not a private

7  actor.[28]  As for the Security First Rule, this concept was alleged in *Newman* as well, and just as the Court

8  found in *Newman*, "[h]ere, there is no explanation of how the Security First Rule was violated or even

9  implicated in this case, rather there is simply an unadorned legal conclusion.  Because no violation of this

10  rule is apparent, the Security First Rule cannot serve as the basis for a UCL claim in this case."  RJN, Ex. B

11  at 10.  For these reasons, Plaintiff's UCL claim must fail.

### V.       CONCLUSION

13       For the reasons stated above, Plaintiff cannot state a single cognizable claim against Defendants.

14  Accordingly, Defendants respectfully request that the Court grant Defendants' Motion to Dismiss without

15  leave to amend.

16

17

18

19

20

---

[27] 'as a result of' in its plain and ordinary sense means 'caused by' and requires a showing of a causal connection or reliance on the alleged misrepresentation.").  Further, where a plaintiff alleges a UCL action against multiple defendants, as is the case here, he must allege that he "suffered injury in fact [or] lost money or property as a result of [the alleged] unfair competition" of each defendant.  *See Schulz v. Neovi Data Corp.*, 152 Cal. App. 4th 86, 92 (2007) (dismissing plaintiff's UCL claim for lack of standing against three of four defendants where plaintiff conceded that he only used the services of one of them).

[27] Under the "**unlawful**" prong, the UCL incorporates other laws and treats violations of those laws as unlawful business practices independently actionable under state law.  *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Cir. 2000).  "**Unfair**" conduct in UCL actions must violate a public policy "tethered to specific constitutional, statutory, or regulatory provisions." *Scripps Clinic v. Super. Ct.*, 108 Cal. App. 4th 917, 940 (2003). The "**fraudulent**" prong refers to conduct likely to deceive members of the public. *In re Tobacco II Cases*, 46 Cal. 4th 298, 312 (2009). Finally, "[a] plaintiff alleging unfair business practices [under the UCL] must state with reasonable particularity the facts supporting the statutory elements of the violation." *Khoury v. Maly's of Cal.*, 14 Cal. App. 4th 612, 617 (1993) (emph. added).

[28] *See generally* Penal Code § 115, 484; *see also  Wallace v. Mortgage Electronic Registration Systems, Inc.*, 2012 WL 94485, at *3 (C.D. Cal. January 11, 2012) ("Plaintiffs cannot assert claims pursuant to California Penal Code § 115 and 111.5 because these Penal Code sections do not provide for private rights of action.").

DATED: December 16, 2013

/s/ Nicholas D. Fine
REED SMITH LLP
Nicholas D. Fine (SBN 285017)
*Attorney for Defendants*
Bank of America, N.A. as successor
by merger to BAC Home Loans Servicing, LP and
Countrywide Home Loans Servicing, LP; Mortgage
Electronic Registration Systems, Inc.; and Federal
Home Loan Mortgage Corporation

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT